UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED: _3/21/2022___            │
└─────────────────────────────────────┘
```

GRACE BORRANI,

                              Plaintiff,

        -against-

NATIONSTAR MORTGAGE LLC d/b/a MR.
COOPER,

                              Defendant.

20-cv-1444 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Grace Borrani ("Plaintiff"), proceeding *pro se*, commenced this action on February 19, 2020, alleging claims against Nationstar Mortgage LLC ("Nationstar") after it won a foreclosure action against her in 2016, including violations of 42 U.S.C. 1983 ("Section 1983"), the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601, the Real Estate Settlement Procedures Act ("RESPA"), Title 12 U.S.C. §§ 2601-2617, 12 C.F.R. §§ 226-1026 ("Regulation Z"), Wire Fraud and Fraud and Deceit, 18 U.S.C. §§ 1343 and 1503, as well as common law claims for unjust enrichment and intentional and/or negligent infliction of emotional distress.[1]  (ECF No. 1.)  Presently before the Court is Nationstar's motion to dismiss the Complaint.  (ECF No. 11.)  For the following reasons, Nationstar's motion is GRANTED.

---

[1] Plaintiff includes various allegations in her Complaint against additional individuals and entities that are not parties to this action, including Judge Mary H. Smith, New York Unified Court System, Supreme Court of Westchester County, and Judge Kenneth M. Karas.  (*See* Compl. ¶ 5.)  The Court will only consider the allegations against the sole defendant, Nationstar.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the documents incorporated by reference or integral to the Complaint[2], and are construed in the light most favorable to Plaintiff and accepted as true for purposes of this motion.

On February 21, 2006, GreenPoint Mortgage Funding, Inc. ("Greenpoint") advanced to Plaintiff $463,900.00 in an adjustable rate note (the "Note").  (Compl. ¶ 39; Declaration of Charles H. Jeanfreau, Esq. in Support of Motion to Dismiss Second Amended Complaint ("Jeanfreau Decl.") ECF No. 12 Ex. A.)  On this same date, Plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), securing the advanced sums with her property at 144 Lee Avenue, Yonkers, New York 10705 (the "Property").  (Jeanfreau Decl. Ex. B.)  The Mortgage was recorded in the Office of the County Clerk of Westchester County on May 16, 2006.  (Compl. ¶ 40.)  On August 21, 2013, MERS assigned the Mortgage to Nationstar, and the assignment was recorded with the Office of the County Clerk of Westchester County on September 12, 2013.  (*Id*. ¶ 48; Jeanfreau Decl. Ex. C.)

On December 4, 2013, Nationstar filed a foreclosure action against Plaintiff for the Property (the "Foreclosure Action"), and a judgement of foreclosure and sale was issued by the Supreme Court of the State of New York, County of Westchester on December 5, 2016.  (Compl. ¶¶ 14; 34.)  Nationstar is now attempting to sell the Property in a foreclosure sale.  (*Id*. ¶ 37.)

Plaintiff makes a variety of allegations regarding the Mortgage, relevant documents, and Nationstar's business practices, including (i) the Mortgage documents were fraudulent and

---

[2] In deciding a motion to dismiss under Rule 12(b)(6), a court "may review only a narrow universe of materials" without converting the motion into one for summary judgment.  *Goel v. Bunge, Ltd*., 820 F.3d 554, 559 (2d Cir. 2016).  This generally includes "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."  *ATSI Communs, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007).

therefore void, and the assignment from MERS is void as she was never notified of any change to the mortgage contract she originally signed; (ii) Nationstar attempted to evade liability for lending law violations; (iii) the Mortgage loan was originated from non-capitalized brokers or sellers of loan products which was withheld from her; (iv) her signature, name, reputation, and home is being used as part of a "securitization scheme" where the loan labeling is misleading as the originator nor warehouse lender have any risk of loss; (v) she was not advised that the loan is no longer a part of the "system in which money supply increases"; (vi) Nationstar has never produced the original Note; and (vii) the Note was paid in full and then destroyed and no longer exists.  (*Id*. ¶¶ 18; 21; 24; 25; 26; 32.)  She therefore alleges the Note and Mortgage instruments are meaningless and the Foreclosure Action is "a legal nullity."  (*Id*. ¶ 22.)  Plaintiff also alleges that GreenPoint sold the right to collect future payments pursuant to the loan to Federal Home Loan Mortgage Corporation ("Freddie Mac"), which placed this interest into a trust.  (*Id*. ¶¶ 42-47.)  Therefore, she alleges Freddie Mac owns the debt, and Nationstar had no standing to sue for foreclosure.  (*Id*. ¶ 52.)

Plaintiff filed a federal complaint on December 1, 2017 against Nationstar and its counsel, alleging violations of RICO, FDCPA, TILA, RESPA, Wire Fraud and Fraud and Deceit, and common law claims for unjust enrichment and intentional and/or negligent infliction of emotional distress (the "First Federal Action").  *See Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397 (KMK), 2019 WL 1429982, at *8 (S.D.N.Y. Mar. 29, 2019).  Judge Kenneth M. Karas granted Nationstar's motion to dismiss on March 29, 2017.  (*Id*.)  Judge Karas held that (i) the *Rooker-Feldman* doctrine deprived the Court of subject-matter jurisdiction over Plaintiff's RICO, wire fraud, fraud and deceit, and intentional and/or negligent infliction of emotional distress claims, and (ii) collateral estoppel and res judicata barred Plaintiff's RICO, wire fraud, fraud and deceit,

FDCPA, RESPA, TILA, and unjust enrichment claims.  (*Id.*)  Plaintiff appealed the dismissal, and on July 7, 2020, the Second Circuit affirmed Judge Karas' dismissal.  *Borrani v. Nationstar Mortg. LLC*, 820 F. App'x 20, 23 (2d Cir. 2020).

The Court granted Nationstar leave to file a motion to dismiss on March 16, 2021, which was filed on June 3, 2021 (ECF No. 11.)  Plaintiff has not filed an opposition.

## LEGAL STANDARD

### I.      Rule 12(b)(1) Lack of Subject Matter Jurisdiction

When a court lacks the statutory or constitutional power to adjudicate a case, it should dismiss the case for lack of subject matter jurisdiction under Rule 12(b)(1).  *Nike, Inc. v. Already*, LLC, 663 F.3d 89, 94 (2d Cir. 2011).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint or the petition, *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

### II.     Rule 12(b)(6) Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When there are well-pled factual allegations in the complaint, "a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

Where a motion to dismiss is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Further, courts must interpret a *pro se* plaintiff's pleadings "to raise the strongest arguments that they suggest." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

**DISCUSSION**

Nationstar argues that the Complaint should be dismissed as (i) the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine; (ii) Plaintiff's claims are barred by res judicata and collateral estoppel; and (iii) Plaintiff's statutory claims are time barred.

**I.    *Rooker-Feldman***

Nationstar first avers that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine.   (Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper's Motion to Dismiss he Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and Incorporated Memorandum of Law ("Mem.") ECF No. 11 at 9-13.)  The *Rooker-Feldman* doctrine "denies 'federal district courts . . . jurisdiction over cases that essentially amount to appeals of state court judgments.'"  *Barbato v. United States Bank Nat'l Ass'n*, No. 14-CV-2233 (NSR), 2016 WL 158588, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck v. Accredited Home Lenders, Inc*., 773 F.3d 423, 426 (2d Cir. 2014)).   To apply the *Rooker-Feldman* doctrine, the Court must find that the following four requirements are met:

> (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] . . . review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'

*Vossbrinck*, 773 F.3ed at 426 (citing *Hoblock v. Albany Cnty. Bd. of Elecs*., 422 F.3d 77, 85 (2d Cir. 2005)).   The Second Circuit characterizes the first and fourth elements as "procedural" and the second and third elements as "substantive."  *Hoblock*, 422 F.3d at 85.

The doctrine is a narrow one and is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544

6

U.S. 280, 284 (2005).  Buttressing the doctrine is the principle "expressed by Congress in 28 U.S.C. § [] 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions."  *Webster v. Wells Fargo Bank, N.A.*, No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (citing *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009)).

Federal suits that raise "independent claim[s]"—meaning, claims that are not "inextricably intertwined" with the state court judgment, *Robinson v. HSBC Mortgage Services, Inc.*, No. 15-CV-5480 (VEC), 2017 WL 570935, at *3 (S.D.N.Y. Feb. 10, 2017)—are not barred by the *Rooker-Feldman* doctrine.  *Hoblock*, 422 F.3d at 86–87.  The Second Circuit made clear that the "doctrine turns not on the *similarity* between a party's state-court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown*, 481 F.3d 89, 97–98 (2d Cir. 2007) (emphasis in original); *see also Nath v. JP Morgan Chase Bank, N.A.*, No. 15-CV-3937 (KMK), 2016 WL 5791193, at *6 (S.D.N.Y Sept. 30, 2016) (noting that the "core requirement" of the doctrine is that "a plaintiff's injuries be caused by the state judgment").  This causal requirement is satisfied when "the state court is the decision-maker whose action produces the injury."  *Robinson*, 2017 WL 570935, at *3 (citing *Sindone v. Kelly*, 439 F. Supp. 2d 268, 272 (S.D.N.Y. 2006)).

Here, the procedural factors are clearly met as Plaintiff was the defendant in a state court action—the Foreclosure Action—and a final judgment against Plaintiff was entered in 2016 from which she could have appealed.  Nationstar avers that the substantive factors are also met as the injuries Plaintiff complains of were caused by entry of the Foreclosure Action, and any relief granted by this Court would overturn the state court action.  (Mem. at 11-13.)  Specifically, Nationstar argues the causes of action that Plaintiff asserts are "inextricably intertwined with the

7

state court judgment" as the Complaint includes allegations based on Nationstar's standing and conduct during the Foreclosure Action and the First Federal Action. (*Id*.)

As Judge Karas previously held, Plaintiff's RICO, Wire Fraud and Fraud and Deceit, and intentional and/or negligent infliction of emotional distress claims are all barred by the *Rooker-Feldman* doctrine. Plaintiff's Complaint in this action and her complaint in the First Federal Action include almost identical causes of action for these claims.

> In her RICO claims (Counts One, Two, and Three), Plaintiff alleges that Defendants 'filed a fraudulent foreclosure, false letters, and other false documents with the courts of the State of New York and county clerks to promote their scheme to defraud the Plaintiff, the public, and the judiciary to *fictionalize foreclosures* in the name of parties' without standing.' (Compl. ¶ 55 (emphasis added).) In her wire fraud claim (Count Four), Plaintiff alleges that Defendants 'accomplished and completed their fraudulent scheme to defraud the public and judiciary by using the wires via e-mail, the web and faxing their *fraudulent foreclosure* documents and related letters.' (*Id*. ¶ 72 (emphasis added).) In her fraud and deceit claim (Count Five), Plaintiff alleges that Defendants' "scheme obstruct[ed] justice by corruptly influencing, obstructing, and impeding, and endeavoring to influence, obstruct, and impede the due administration of justice in *fraudulent foreclosure* suit(s)." (*Id*. ¶ 75 (emphasis added).) In her intentional and/or negligent infliction of emotional distress claim (Count Nine), Plaintiff alleges that '[t]he aforesaid misconduct of the fraudulent and *unlawful foreclosure on her sole residence* proximately caused Plaintiff to suffer emotional distress so severe that no reasonable person could be expected to endure it.' (*Id*. ¶ 89.)

*Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397 (KMK), 2019 WL 1429982, at *8 (S.D.N.Y. Mar. 29, 2019) (emphasis in original). As Judge Karas held, "[e]ach of these claims is [] expressly based on the state court judgment of foreclosure" and "inextricably intertwined with the state court judgment." *Id*. at *8–9.

In addition, Plaintiff's Section 1983 claims for violations of her substantive and procedural Due Process rights and racial discrimination also fall under the doctrine. Specifically, Plaintiff alleges Nationstar conspired with others to conduct a "show trial/hearing" and a "fraudulent foreclosure matter" to "deprive Plaintiff of her property rights in an effort to extort, coerce and

8

steal Plaintiff's property and assets from her" and "depriving her and her attorneys of all discovery required that would have uncovered that the foreclosure action . . . was not valid." (Compl. ¶¶ 215-230.) These allegations explicitly state injuries that were allegedly caused by the Foreclosure Action.

Therefore, the Court holds that Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Twelve are inextricably intertwined with the Foreclosure Action and would require overturning the judgment, and therefore the substantive requirements of the *Rooker-Feldman* doctrine are met, and these causes of action are dismissed for lack of jurisdiction.

## II.    Res Judicata

Next, Nationstar avers that consideration of the Complaint is barred by res judicata. (Mem. at 13-16.) The doctrine of res judicata, also known as claim preclusion, bars re-litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Conn.*, 882 F.3d 52, 55 (2d Cir. 2018) (citing *Monahan v. N.Y.C. Dep't of Corr.,* 214 F.3d 275, 285 (2d Cir. 2000)).

Consistent with res judicata, and pursuant to the Full Faith and Credit Clause of the Constitution, "federal courts must accord state court judgments the same preclusive effect as other courts within that state." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also* U.S. Const. Art. IV, § 1. Where the prior judgment in question was issued by a New York state court, the Court's analysis is governed by New York state law. *Town of Ramopo v. Town of Clarkstown*, No. 16-CV-2004(NSR), 2017 WL 782500, at *6 (S.D.N.Y. Feb. 27, 2017). New York has adopted a transactional approach to res judicata, which bars "a later claim arising out of the same factual

grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos*, 14 F.3d at 790.

Here, Nationstar argues that all of the Plaintiff's causes of action could have been litigated in the Foreclosure Action. (Mem. at 13.) It is clear that both the Foreclosure Action and the First Federal Action were previous adjudications on the merits between Plaintiff and Nationstar. *See Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167 (KAM) (ST), 2019 U.S. Dist. LEXIS 29668, at *18 (E.D.N.Y. Feb. 22, 2019) ("Dismissal of an action through grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) constitutes an adjudication on the merits."); *Harris ex relatione Harris v. BNC Mortg., Inc.*, No. 16-CV-2126 (MKB), 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017) ("[T]he State Court entered a judgment of foreclosure and sale on the Property against Plaintiff, which is an adjudication on the merits . . . a judgment of foreclosure and sale in a state court action constitutes an adjudication on the merits for the purposes of claim preclusion."). Therefore, for res judicata to apply to the remainder of Plaintiff's claims, the Court must determine whether they were or could have been raised in the Foreclosure Action or First Federal Action.

As the Second Circuit affirmed, Plaintiff's remaining claims for violations of the FDCPA, TILA, Regulation Z, RESPA, and her state law claim for unjust enrichment all arose from the same "factual grouping that supported her defenses in the state foreclosure case" and consist of "identical claims . . . or claims that were based on the same facts, *e.g.*, that Nationstar had failed to comply with federal and state regulations regarding its collection of mortgage payments and was not the real owner of her mortgage note." *Borrani v. Nationstar Mortg. LLC*, 820 Fed. Appx. 20, 23 (2d Cir. 2020). As that is also the case here, the remaining claims could have been raised in the Foreclosure Action, and therefore they are barred by res judicata.

Further, in the First Federal Action, Plaintiff brought substantially similar claims for violations of the FDCPA, TILA, Regulation Z, RESPA, and her state law claim for unjust enrichment. *See Borrani v. Nationstar Mortg. LLC*, No. 17-CV-9397 (KMK), 2019 WL 1429982, at *8 (S.D.N.Y. Mar. 29, 2019). Specifically, Plaintiff includes allegations of fraud related to the Mortgage, and that Nationstar "defraud[ed] Plaintiff with a fraudulent mortgage and Note" and benefitted at her expense. (*Id*.; Compl. ¶¶ 35; 76-86.) While here Plaintiff's Complaint contains additional allegations regarding the alleged fraud, these allegations could have been raised before Judge Karas. *See TAL Props. of Pomona, LLC v. Village of Pomona*, No. 19-CV-06838 (PMH), 2021 WL 4066845, at *3 (S.D.N.Y. Sept. 7, 2021) ("Plaintiffs' attempt to rectify their previous presentation by . . . initiating a new action does not dodge the effects of *res judicata*."); *MacKay v. Crews*, No. 09-CV-2218 (JFB)(ARL), 2009 WL 5062119, at *12 (E.D.N.Y. Dec. 16, 2009) ("[A]ny attempt to add additional allegations/claims . . . would be futile because res judicata . . . would bar all . . . claims which are simply designed to re-package issues or claims that were litigated, or could have been litigated [in the prior action].").  As these claims were raised in a previous action, and all of the allegations against Nationstar could have been pled in a previous action, they are now barred by res judicata.  Therefore, Counts Nine, Ten, and Eleven are also dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendant's motion is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11, send a copy of this Opinion and Order to pro se Plaintiff, and terminate the action.

Dated:  March 21, 2022                                    SO ORDERED:

         White Plains, New York

_____

NELSON S. ROMÁN

United States District Judge